980 F.2d 740
 RICO Bus.Disp.Guide 8162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WRIGHT, INC., a corporation, Plaintiff-Appellant,
v.
ECKER EMPIRE ELECTRIC CO., a corporation; Jones Group,
Inc., a foreign corporation, Defendants-Appellees.
 No. 91-35251.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 6, 1992.
Decided Dec. 2, 1992.
 
 Before HUG, FLETCHER and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Wright, Inc. ("Wright") timely appeals the district court's decision to grant summary judgment in favor of Appellee Ecker Empire Electric Company ("Ecker") on Wright's Racketeer Influenced and Corrupt Organizations ("RICO") Act claims on the ground that Wright failed to demonstrate that Ecker engaged in a pattern of racketeering activity. Wright also appeals the district court's decision to dismiss the claim against Jones Group, Inc. for lack of personal jurisdiction.
 
 
 3
 The district court's jurisdiction was based upon a federal question, pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 I.
 
 4
 The principal issue on appeal is whether the district court erred in granting summary judgment in favor of Ecker on Wright's claims under 18 U.S.C. § 1962(a) and (b) (1988).[1] We review a district court's grant of summary judgment de novo. Stitt v. Williams, 919 F.2d 516, 520 (9th Cir.1990); Ikuno v. Yip, 912 F.2d 306, 308 (9th Cir.1990). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the relevant law was correctly applied. Stitt, 919 F.2d at 520.
 
 
 5
 Section 1962(a) makes it unlawful for " 'any person' who uses or invests income derived 'from a pattern of racketeering activity' to acquire an interest in or to operate an enterprise engaged in interstate commerce." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 232 (1989). Section 1962(b) makes it unlawful for " 'any person' " to acquire or maintain an interest in or control of such an enterprise " 'through a pattern of racketeering activity.' " Id.
 
 
 6
 Wright alleges that Ecker entered into the joint venture agreement with Wright, a certified minority business enterprise ("MBE"), in order to obtain a state construction subcontract for which it would otherwise be ineligible. Wright asserts that Ecker never intended to work with Wright. Rather, Ecker used Wright as a "front" in order to circumvent state MBE participation requirements. As a consequence, Wright contends, it was the victim of fraud that was furthered by several letters and telephone calls between the parties. Wright asserts that these letters and telephone calls constitute predicate acts of mail fraud and wire fraud essential to a showing of racketeering activity.
 
 
 7
 Wright's claims under 18 U.S.C. § 1962(a) and (b) require Wright to produce evidence that Ecker committed acts of racketeering activity, in this case mail fraud or wire fraud. See H.J. Inc., 492 U.S. at 250 (to show a pattern of racketeering activity, plaintiff must establish that defendant committed predicate acts within the meaning of 18 U.S.C. § 1961(1). To demonstrate that Ecker violated the mail fraud statute, Wright must produce evidence that Ecker (1) formed a scheme or artifice to defraud; (2) used the United States mails or caused a use of the United States mails in furtherance of the scheme; and (3) did so with the specific intent to deceive or defraud. See Rothman v. Vedder Park Mgt., 912 F.2d 315, 316 (9th Cir.1990); Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1399-1400 (9th Cir.1986). A wire fraud violation requires a showing that Ecker (1) formed a scheme or artifice to defraud; (2) used the United States wires or caused a use of the United States wires in furtherance of the scheme; and (3) did so with the specific intent to deceive or defraud. See Schreiber, 806 F.2d at 1400.
 
 
 8
 Wright has failed to produce evidence to support the mail fraud allegations. The September 1987 letter cited by Wright in which Wright was allegedly falsely promised subcontracting work was written some two years after the formation of the joint venture in 1985. It therefore does not establish that Ecker used the mails to induce Wright to enter into the agreement.
 
 
 9
 With respect to the allegations of wire fraud, Wright has provided no details about the telephone calls between Wright and Ecker representatives, which purportedly "misled Wright into believing his role as a 40% joint venture partner would be larger than the cosmetic one he was allowed to play." Wright states only that Harold Wright kept a record of the calls. Wright has produced no evidence of interstate wire communication for fraudulent purposes. See First Pac. Bancorp, Inc. v. Bro, 847 F.2d 542, 547 (9th Cir.1988) (district court's grant of summary judgment affirmed because "predicate acts" required to establish a "pattern of racketeering" were absent).
 
 
 10
 Absent evidence to support the alleged predicate acts of mail and wire fraud, we are without federal question jurisdiction to entertain Wright's RICO claims. Therefore, we affirm the district court's decision to grant summary judgment in favor of Ecker on these claims. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 II.
 
 11
 Without the RICO claims, Wright is left with only pendent state law claims over which the district court lacks subject matter jurisdiction. Because we affirm the district court's summary judgment order, there is no federal question jurisdiction to entertain Wright's remaining claims against Ecker. Moreover, there is no diversity jurisdiction. Both Wright and Ecker are Washington corporations; therefore, complete diversity of citizenship between the parties does not exist. See 28 U.S.C. § 1332; Munoz v. Small Business Admin., 644 F.2d 1361, 1365 (9th Cir.1981).
 
 
 12
 Because Wright's RICO claims were properly dismissed, the district court did not abuse its discretion in declining to exercise pendent jurisdiction over Wright's state law claims. See McGlinchy v. Shell Chem. Co., 845 F.2d 802, 811 n. 4 (9th Cir.1988). These claims are appropriately left for determination by the state court. Our dismissal for lack of jurisdiction is not a decision on the merits of these claims.
 
 III.
 
 13
 Appellee's request for sanctions is denied.
 
 
 14
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright does not contest the district court's dismissal of its claims under 18 U.S.C. § 1962(c) and (d)